Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
TOMAS PEDRAZA, *individually and on behalf of*
*others similarly situated,*

                            *Plaintiff,*

                  -against-

52 VAN FOOD CORP. (d/b/a BLAKE & TODD),
47TH STREET FOOD, INC., (d/b/a BLAKE & TODD
RESTAURANT), 53RD STREET FOOD LLC, (d/b/a
BLAKE & TODD RESTAURANT), and ALEX
RACHOWIN,

                          *Defendants.*
---------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Tomas Pedraza , individually and on behalf of others similarly situated

("Plaintiff"), by and through his attorneys, Michael Faillace & Associates, P.C., upon

information and belief, and as against each of Defendants 52 Van Food Corp. (d/b/a Blake &

Todd), 47th Street Food, Inc., (d/b/a Blake & Todd Restaurant), and 53rd Street Food LLC,

(d/b/a Blake & Todd Restaurant), ("Defendant Corporations"), and Alex Rachowin (collectively,

"Individual Defendant"), alleges as follows:

## <u>NATURE OF ACTION</u>

    1.      Plaintiff Pedraza is a former employee of Defendants.

2.      Alex Rachowin owns a chain of restaurants/catering services located at 52 Vanderbilt Avenue, New York NY 10017 ("hereinafter Vanderbilt Avenue location"), 7 W. 47th Street, New York, NY 10036 (Hereinafter "West 47th Street location"), and 52 E. 53rd Street, New York, NY 10022 (hereinafter "East 53rd Street location"), under the trade name "Blake & Todd Restaurant".

3.      Upon information and belief, Defendant Alex Rachowin serves or served as owner, manager, principal or agent of Defendant Corporations and through these corporate entities operates or operated a chain of restaurant/catering services as a joint or unified enterprise.

4.      Plaintiff Pedraza worked long days in the different restaurant/catering services located around Manhattan.

5.       Plaintiff Pedraza performed the duties of food preparer at defendants' restaurant/catering services around Manhattan.

6.      Plaintiff Pedraza regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, and failed to pay Plaintiff Pedraza appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Pedraza the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants' conduct extended beyond Plaintiff Pedraza to all other similarly situated employees.

10.      At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Pedraza  and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

11.      Plaintiff Pedraza now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 et seq., (the "NYLL"), and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146 and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y.  COMP.  CODES R.  & REGS.  Tit.  12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.      Plaintiff Pedraza seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).


**JURISDICTION AND VENUE**

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Pedraza's state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Pedraza  was employed by Defendants in this district.

## PARTIES

15.     Plaintiff Tomas Pedraza ("Plaintiff Pedraza" or "Mr. Pedraza") is an adult individual residing in Queens County, New York. Plaintiff Pedraza was employed by Defendants from approximately 2001 until on or about September 12, 2016 at all three locations.

16.     At all relevant times to this complaint, Plaintiff Pedraza was employed by Defendants as a food preparer at defendants' three restaurant/catering service locations.

17.     Plaintiff Pedraza consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     Defendants own, operate and/or control a chain of restaurants/catering services around Manhattan under the name Blake & Todd Restaurant.

19.     Upon information and belief, Defendant 52 Van Food Corp. ("Blake & Todd Restaurant" or "Defendant Corporation") is a corporation organized and existing under the laws

of the State of New York. Upon information and belief, it maintains its principal place of business at 52 Vanderbilt Avenue, New York, New York, 10017.

20.     Upon information and belief, Defendant 47th St. Food, Inc. ("Blake & Todd Restaurant" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 7 W. 47th Street, New York, New York, 10036.

21.     Upon information and belief, Defendant 53rd St Food LLC, ("Blake & Todd Restaurant" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 52 E. 53rd Street, New York, NY 10022.

22.     Defendant Alex Rachowin is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Alex Rachowin is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Alex Rachowin possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Alex Rachowin determined the wages and compensation of the employees of Defendants, including Plaintiff Pedraza, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

23.     Defendants operate a chain of restaurants/catering services located at various locations around Manhattan under the name Blake & Todd Restaurant.

24.      Individual Defendant Alex Rachowin possesses operational control over Defendant Corporations; possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiff Pedraza's  (and other similarly situated employees) working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Pedraza, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Pedraza, and all similarly situated individuals, and are Plaintiff Pedraza's (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff Pedraza and/or similarly situated individuals.

29.     Upon information and belief, individual Defendant Alex Rachowin operates Defendant corporations as either an alter ego of themselves, and/or fail to operate Defendant corporations as legal entities separate and apart from himself by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant corporations as separate and legally distinct entities;

(b)     defectively forming or maintaining Defendant corporations, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant corporations for his own benefit as the sole or majority shareholder;

(e)     operating Defendant corporations for his own benefit and maintaining control over these corporations as closed corporations or closely controlled entity;

(f)     intermingling assets and debts of his own with Defendant corporations;

(g)     diminishing and/or transferring assets of Defendant corporations to protect his own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiff Pedraza's employers within the meaning of the FLSA and NYLL.

31.     Defendants had the power to hire and fire Plaintiff Pedraza, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Pedraza's services.

32.     In each year from 2010 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the restaurants/catering services on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

34.     Plaintiff Pedraza is a former employee of Defendants, primarily employed in performing the duties of food preparer at the restaurants/catering services.

35.     Plaintiff Pedraza seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Tomas Pedraza*

36.     Plaintiff Pedraza was employed by Defendants from approximately 2001 until on or about September 12, 2016 at all 3 locations.

37.     Plaintiff Pedraza was employed by Defendants as a food preparer.

38.     Plaintiff Pedraza regularly handled goods in interstate commerce, such as food, condiments, and supplies necessary to perform his duties as a food preparer.

39.     Plaintiff Pedraza's work duties required neither discretion nor independent judgment.

40.     Throughout his employment with Defendants, Plaintiff Pedraza regularly worked in excess of 40 hours per week.

41.     From approximately November 2010 until on or about September 12, 2016, Plaintiff Pedraza regularly worked 60 to 75 hours per week.

42.     Throughout his employment, defendants paid Plaintiff Pedraza his wages in a combination of check and cash.

43.     From approximately November 2010 until on or about January 2015, defendants paid Plaintiff Pedraza a weekly salary of $544.00 in check and between $200 and $250 in cash.

44.     From approximately January 2015 until on or about December 2015, defendants paid Plaintiff Pedraza a weekly salary of $656.25 in check and between $200 and $250 in cash.

45.     From approximately January 2016 until on or about September 12, 2016, defendants paid Plaintiff Pedraza a weekly salary of $675.00 in check and between $200 and $250 in cash.

46.     Plaintiff Pedraza's pay did not vary even when he was required to travel from one location to another each day thus requiring him to work a longer day than his usual schedule.

47.     In fact, defendants regularly required Plaintiff Pedraza to travel for at least 30 minutes to 1 hour between locations each day and did not compensate him for the additional travel time required by the job.

48.      Although Plaintiff Pedraza was required to keep track of his time, he was required to punch out when he left one location and to punch in when he arrived to another location, thus violating the Portal to Portal Act.

49.     In addition, Defendants each year required Plaintiff Pedraza to sign a tax document falsely stating that he had received a much higher salary than what he actually had received in order to receive his paycheck.

50.    Defendants did not provide Plaintiff Pedraza with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

51.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Pedraza regarding wages as required under the FLSA and NYLL.

52.    Defendants did not provide Plaintiff Pedraza with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

53.    Instead, every week defendants would pay Plaintiff Pedraza a check which did not specify the number of hours he had worked.

54.    Defendants never provided Plaintiff Pedraza with a written notice, in English and in Spanish (Plaintiff Pedraza's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

55.    Defendants required Plaintiff Pedraza to purchase "tools of the trade" with his own funds—including fifty hats.

*Defendants' General Employment Practices*

56.    Defendants regularly required Plaintiff Pedraza to work in excess of forty (40) hours per week without paying him the proper overtime wages or spread of hours compensation.

57.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Pedraza and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation or spread of hours compensation, as required by federal and state laws.

58.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Pedraza by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

59.     Defendants habitually required Plaintiff Pedraza (and all similarly situated employees) to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

60.     Defendants' pay practices resulted in Plaintiff Pedraza not receiving payment for all his hours worked, resulting in Plaintiff Pedraza's effective rate of pay falling below the required minimum and overtime wage rate.

61.     Plaintiff Pedraza was a victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by *inter alia*, not paying him the wages he was owed for the hours he had worked.

62.     Although Defendants required Plaintiff Pedraza to maintain a record of his hours worked at each location, they did not allow him to keep a record of the travel time between the different locations.

63.     Defendants paid Plaintiff Pedraza his wages in a combination of checks and cash.

64.     Defendants provided Plaintiff Pedraza false statements of pay which misrepresented the number of hours he worked each week.

65.     In addition, every year, defendants required Plaintiff Pedraza to sign a document falsely stating that he had received a much higher salary than what he actually had received.

66.     By employing these practices, Defendants avoided paying Plaintiff Pedraza at the overtime rate of time and a half for most or all of his hours worked in excess of forty (40) hours per week.

67.     Defendants failed to post required wage and hour posters in any of the restaurants/catering services, and did not provide Plaintiff Pedraza with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Pedraza's relative lack of sophistication in wage and hour laws.

68.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Pedraza  (and similarly situated individuals) worked, and to avoid paying Plaintiff Pedraza  properly for (1) his full hours worked, (2) for overtime due, and (3) for spread of hours pay.

69.     Defendants did not provide Plaintiff Pedraza, and similarly situated employees, with the wage statements and annual pay notices required by NYLL §§195(1) and 195(3).

70.     Defendants failed to provide Plaintiff Pedraza  and other employees with wage statements at the time of payment of wages, containing: the  dates  of work covered by that payment of wages; name of employee; name of employer; address and phone  number  of employer;  rate  or  rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,  piece,  commission,  or  other;  gross wages;  deductions;  allowances,  if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the  number  of overtime  hours  worked, as required by NYLL §195(3).

71.     Defendants failed to provide Plaintiff Pedraza  and other employees, at the time of hiring and on or before February 1 of each subsequent year,  a statement in English and the employees'  primary language, containing:  the rate or rates of pay and basis thereof,  whether paid  by  the  hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the  regular pay  day designated  by  the  employer;  the  name  of  the  employer;  any  "doing business  as" names  used  by the employer; the physical address of the employer's main office or principal place of  business,  and  a  mailing  address  if  different;  and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

72.     Plaintiff Pedraza brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after

the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Blake & Todd (the "FLSA Class").

73.     At all relevant times, Plaintiff Pedraza  and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

74.     The claims of Plaintiff Pedraza stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

75.      Plaintiff Pedraza repeats and realleges all paragraphs above as though fully set forth herein.

76.     At all times relevant to this action, Defendants were Plaintiff Pedraza's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Pedraza (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

77.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

78.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

79.     Defendants, in violation of the FLSA, failed to pay Plaintiff Pedraza  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

80.     Defendants' failure to pay Plaintiff Pedraza (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

81.      Plaintiff Pedraza (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAWS)

82.     Plaintiff Pedraza repeats and realleges all paragraphs above as though fully set forth herein.

83.     At all times relevant to this action, Defendants were Plaintiff Pedraza's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Pedraza (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

84.     Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Pedraza (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a

workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

85.     Defendants failed to pay Plaintiff Pedraza (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

86.     Defendants' failure to pay Plaintiff Pedraza (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

87.     Plaintiff Pedraza (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

88.     Plaintiff Pedraza repeats and realleges all paragraphs above as though fully set forth herein.

89.     Defendants failed to pay Plaintiff Pedraza (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Pedraza's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

90.     Defendants' failure to pay Plaintiff Pedraza (and the FLSA Class members) an additional hour's pay for each day Plaintiff Pedraza's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

91.     Plaintiff Pedraza (and the FLSA Class members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION
(VIOLATION OF THE NOTICE AND RECORDKEEPING
REQUIREMENTS OF THE NEW YORK LABOR LAW)**

92.     Plaintiff Pedraza repeats and realleges all paragraphs above as though fully set forth herein.

93.     Defendants failed to provide Plaintiff Pedraza  with a written notice, in English and in Spanish (Plaintiff Pedraza'S primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

94.     Defendants are liable to Plaintiff Pedraza in the amount of $5,000, together with costs and attorney's fees.

**FIFTH CAUSE OF ACTION
(VIOLATION OF THE WAGE STATEMENT PROVISIONS
OF THE NEW YORK LABOR LAW)**

95.     Plaintiff Pedraza repeats and realleges all paragraphs above as though set forth fully herein.

96.     Defendants did not provide Plaintiff Pedraza with wage statements upon each payment of wages, as required by NYLL 195(3).

97.     Defendants are liable to Plaintiff Pedraza in the amount of $5,000, together with costs and attorney's fees.

**SIXTH CAUSE OF ACTION
RECOVERY OF EQUIPMENT COSTS**

98.     Plaintiff Pedraza repeats and realleges all paragraphs above as though set forth fully herein.

99.     Defendants required Plaintiff Pedraza to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as hats, further reducing his wage in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

100.     Plaintiff Pedraza was damaged in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE PORTAL TO PORTAL ACT**

101.     Plaintiff Pedraza repeats and realleges all paragraphs above as though set forth fully herein.

102.     At all times relevant to this action, Defendants were Plaintiff Pedraza's employers within the meaning of the Portal to Portal Act, 29 U.S.C. § 251.

103.     Defendants had the power to hire and fire Plaintiff Pedraza, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

104.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

105.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

106.     Defendants, in violation of the Portal to Portal act, required Plaintiff Pedraza to travel from one location to another each day and did not compensate him for the time of travel between locations.

107.    Defendants' failure to pay Plaintiff Pedraza for the time of travel was willful within the meaning of 29 U.S.C. § 255.

108.    Plaintiff Pedraza was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Pedraza respectfully requests that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Pedraza and the FLSA class members;

(c)    Declaring that Defendants have violated the applicable provisions of the Portal to Portal Act, and associated rules and regulations, as to Plaintiff Pedraza and the FLSA class members by failing to compensate Plaintiff Pedraza and the FLSA class members for compensable activities;

(d)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Pedraza  and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA and the Portal to Portal Act were willful as to Plaintiff Pedraza  and the FLSA class members;

19

(f)      Awarding Plaintiff Pedraza  and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any unpaid wages under the FLSA and the Portal to Portal Act as applicable;

(g)      Awarding Plaintiff Pedraza  and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any unpaid wages under the FLSA and the Portal to Portal Act as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Pedraza  and the members of the FLSA Class;

(i)      Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Pedraza  and the members of the FLSA Class;

(j)      Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff Pedraza's  and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(k)      Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff Pedraza  and the FLSA Class members;

(l)      Awarding Plaintiff Pedraza  and the FLSA class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(m)      Awarding Plaintiff Pedraza  damages for Defendants' violation of the NYLL

notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Pedraza  and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)     Awarding Plaintiff Pedraza  and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Pedraza  and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Pedraza demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
November 18, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

          /s/ Michael Faillace
By:    Michael A. Faillace [MF-8436]
         60 East 42nd Street, Suite 2540
         New York, New York 10165
         (212) 317-1200
         *Attorneys for Plaintiff*

21

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

―――――――

Faillace@employmentcompliance.com

September 30, 2016

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Tomas Pedraza

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     30 de septiembre de 2016

*Certified as a minority-owned business in the State of New York*